**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd P. Grecian, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Nationstar Mortgage, LLC, a Delaware limited liability corporation; and Does to 20 inclusive,<br><br>Defendants. | No. CV13-08089-PCT-DGC<br><br>**ORDER** |

Defendant Nationstar Mortgage, LLC has filed a motion to dismiss pursuant to Rules 8, 9(b), 10(b), 12(b), and 41(b) of the Federal Rules of Civil Procedure. Doc. 13. Defendant argues that the complaint fails to give notice as to the nature and basis of Plaintiff's claims, and that the complaint fails on the merits. *Id.* at 1. For the reasons that follow, the Court will grant the motion.[1]

**I.   Background.**

On June 8, 2004, Plaintiff obtained a loan secured by a deed of trust ("DOT") on the property at 3033 Palo Verde Boulevard South, Lake Havasu City, Arizona, in the amount of approximately $188,000. Doc. 1 ¶¶ 9-11. Defendant was the beneficiary of the DOT. *Id.* ¶ 12. Plaintiff alleges that he sought a loan modification from Defendant before June 13, 2012, and that Defendant represented that it would be granted. *Id.* ¶ 14.

---

[1] The Court denies the request for oral argument because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff also alleges that Defendant told him that it would not initiate a trustee's sale if he complied with the terms of a trial period. *Id.*

Plaintiff claims that he requested from Defendant "all of the documents surrounding the granting of the Loan, the granting of the security interest memorialized by the Deed of Trust, the transfer of the Loan to [Defendant] and Plaintiff's relationship with [Defendant]." *Id.* ¶ 15. Plaintiff also alleges that he sent a Qualified Written Request ("QWR") to Defendant on May 1, 2012, in which he informed Defendant that "there are or may be several inconsistencies and/or violations of RESPA with regard to the Loan including, but not limited to, non-disclosure of APR fees on HUD-1 and GFE, under disclosure of APR on TIL, as well as under/non-disclosure of material information in the closing documents and disclosures." *Id.* ¶ 18. Defendant failed to respond to Plaintiff's request, and held a trustee's sale of the property on March 15, 2013. *Id.* ¶¶ 22, 26. Plaintiff's complaint asserts claims (1) for fraud, misrepresentation, and concealment, (2) to set aside the trustee's sale, (3) for violations of the Real Estate Settlement Procedures Act ("RESPA"), (4) to void or cancel the trustee's deed upon sale, (5) to void or cancel assignment of the DOT, (6) for wrongful foreclosure, (7) for unjust enrichment, and (8) for promissory estoppel. Doc. 1.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The court may not assume that Plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**III. Analysis.**

Defendant argues that Plaintiff waived his claims pursuant to A.R.S. § 33-811(C). Doc. 13 at 3. Section 33-811(C) says that "[t]he trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief . . . entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." A.R.S. § 33-811(C). Torts that are dependent on the invalidity of the trustee's sale are waived under § 33-811(C). *See Madison v. Groseth*, 279 P.3d 633, 638 (Ariz. Ct. App. 2012).

Defendant argues that Plaintiff waived all of the claims in the complaint by failing to secure an injunction of the trustee's sale. Doc. 13 at 4. The Court is not prepared to accept this argument with respect to Plaintiff's tort claims. In *Madison*, the tort claims did not survive the trustee's sale "because Madison's tort claims depend[ed] on her objections to the validity of the trustee's sale, and she ha[d] waived those objections." 279 P.3d at 638. The alleged torts resulted from the foreclosure and sale of the home, and would only be valid if the trustee's sale were invalid. In this case, the foreclosure and sale of the home are alleged to be the result of the alleged torts. Plaintiff has not

cited authority directly addressing whether tort claims independent of actions that lead to a trustee's sale are foreclosed by § 33-811(C). In the absence of such authority, the Court will address Defendant's other grounds for dismissal of Plaintiff's tort claims.

### A.   Fraud, Misrepresentation, and Concealment.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

Defendant argues that Plaintiff failed to plead fraud with the particularity required by Rule 9(b). Doc. 13 at 6-7. The Court agrees. Plaintiff alleges that Defendant failed to disclose that the loan was securitized, and represented that "a loan modification would be provided and that no sale of the property would occur in the event that Plaintiff complied with the terms of the trial period payment plan." Doc. 1 ¶¶ 14, 33. The complaint does not say who made these alleged statements, what precisely was said, when they were made, where they were made, how he relied on them, or what injury it caused. Plaintiff has not met the Rule 9(b) standard.

### B.   RESPA Violations.

Plaintiff alleges that Defendant violated RESPA by not responding to Plaintiff's QWR and by initiating the trustee's sale. Doc. 1 ¶¶ 15-22. RESPA requires lenders to acknowledge receipt of a qualified written request for information regarding the servicing of the loan within five days and respond within thirty days. 12 U.S.C. § 2605(e)(1). Servicing of the loan refers to receiving scheduled payments from a borrower. 12 U.S.C.

2605(i)(3); *see also Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012) (holding that servicing does not include transactions and circumstances surrounding the origination of a loan).

Plaintiff claims that the request he sent Defendant on May 1, 2012 was a QWR, and that Defendant violated RESPA by not responding. Doc. 1 ¶ 18-22. But Plaintiff did not request information regarding the servicing of the loan. He instead informed Defendant that he believed there were inconsistencies in the loan regarding the APR and non-disclosure of other material information. *Id.* ¶ 18. This is not servicing information, but loan origination information, which, as in *Medrano*, does not qualify as a QWR. Additionally, Plaintiff has failed to allege his actual damages resulting from Defendant's actions. *See Cervantes v. Countrywide Home Loans, Inc.*, CV 09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009); 12 U.S.C. 2605(f)(1)(A). Plaintiff has failed to state a claim for RESPA violations.

### C. Trustee's Sale and Assignment of the Trust.

In his second, fourth, and fifth claims, Plaintiff asserts that the Court should set aside, cancel, or void the trustee's sale because Defendant never recorded the transfer of the DOT, the DOT was improperly transferred to Defendant, and for other "improper and illegal conduct." *Id.* ¶¶ 38-41, 46-51. Plaintiff waived these "defenses and objections to the sale" by not raising them before the trustee's sale. A.R.S. § 33-811(C). Additionally, these theories of liability have been consistently rejected in Arizona. *See In re Vasquez*, 266 P.3d 1053, 1055 (Ariz. 2011) (holding that the assignment of a deed of trust need not be recorded prior to a trustee's sale).

### D. Wrongful Foreclosure.

Arizona courts have not yet recognized the tort of wrongful foreclosure, but because they have not yet refused to recognize it, this district has found it appropriate to join other districts in holding lenders liable for wrongful foreclosure. *Herring v. Countrywide Home Loans, Inc.*, CV 06-2622-PHX-PGR, 2007 WL 2051394 (D. Ariz. July 13, 2007); *see also Schrock v. Federal Nat. Mortg. Ass'n*, CV 11-0567-PHX-JAT,

2011 WL 3348227, at *6-7 (D. Ariz. Aug. 3, 2011). Claims for wrongful foreclosure are not subject to § 33-811(C) because they do not become ripe until after the trustee's sale. *Id.* This district has recognized a claim for wrongful foreclosure only when the plaintiff was not in default on the loan. *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, CV 11-8085-PCT-JAT, 2012 WL 1931365 (D. Ariz. May 25, 2012); *Schrock*, 2011 WL 3348227, at *7; *Herring*, 2007 WL 2051394 at *5 (holding that defendant breached its statutory duty to foreclose only if plaintiff was in default).

Plaintiff does not allege that he is not in default on the loan. He instead alleges that Defendant did not own the promissory note and did not have authority to foreclose. Doc. 1 ¶¶ 52-55. These are not grounds for a claim of wrongful foreclosure.

### E. Unjust Enrichment.

To establish a claim for unjust enrichment, Plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a link between the enrichment and the impoverishment, (4) an absence of justification for the enrichment and the impoverishment, and (5) an absence of a remedy provided by law. *Carter v. Safeway Stores Inc.*, 744 P.2d 458, 461 (Ariz. 1987). Unjust enrichment has no application to disputes that are governed by a specific contract. *Brooks v. Valley Nat. Bank*, 548 P.2d 1166, 1167 (Ariz. 1976).

Plaintiff's claim for unjust enrichment says nothing more than "[b]y their wrongful acts and omissions, [Defendant] has been unjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived." Doc. 1 ¶ 60. This "formulaic recitation of a cause of action's elements" is insufficient to raise the claim from possible to plausible. *Twombly*, 550 U.S. at 545. Plaintiff does not allege how Defendant was enriched or the amount of the enrichment, how Plaintiff was impoverished or the amount, or why the action was not justified. Plaintiff also fails to address whether this claim is precluded by the written DOT. The claim will be dismissed.

### F. Promissory Estoppel.

Plaintiff's claim for promissory estoppel is waived under § 33-811(C) because Plaintiff brings it as an objection to the trustee's sale, not to seek compensatory damages.

As relief, Plaintiff seeks to force Defendant to provide a loan modification on the foreclosed property. Doc. 1 at 13. This type of voiding of a trustee's sale is exactly what § 33-811(C) proscribes.

**IV.    Leave to Amend.**

Plaintiff seeks leave to amend. Doc. 17 at 6. Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While "this mandate is to be heeded," leave to amend may be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court will dismiss with prejudice claims two, four, and five because Plaintiff waived these claims by failing to obtain relief prior to the trustee's sale. Amending these claims would be futile as no facts could undo the executed trustee's sale. Plaintiff's remaining claims may be cured through amendment and are dismissed with leave to amend.

**IT IS ORDERED:**

1.    Defendant's motion to dismiss (Doc. 13) is **granted**.

2.    Plaintiff shall file an amended complaint on or before **September 13, 2013**.

Dated this 21st day of August, 2013.

_____
David G. Campbell
United States District Judge