WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd P Grecian,<br><br>                Plaintiff,<br><br>v.<br><br>Nationstar Mortgage LLC, et al.,<br><br>                Defendants. | No. CV-13-08089-PCT-DGC<br><br>**ORDER** |

Defendant Nationstar Mortgage, LLC has filed a motion to dismiss pursuant to Rules 8, 9(b), 12(b), and 41(b) of the Federal Rules of Civil Procedure. Doc. 25. For the reasons that follow, the Court will grant the motion.[1]

**I.     Relevant Facts.**

On June 13, 2004, Plaintiff obtained a loan secured by a deed of trust ("DOT") on property at 3033 Palo Verde Boulevard South, Lake Havasu City, Arizona, in the amount of approximately $188,000. Doc. 22, ¶ 10. Defendant was the beneficiary of the DOT. *Id*., ¶ 9. Plaintiff fell behind on his loan payments in June 2011 and desired to cure the arrears with a loan modification. *Id*. ¶ 13. In late 2011, Plaintiff submitted a complete application for a loan modification to Aurora Loans, Defendant's predecessor in interest. *Id*., ¶ 14. Nothing came of Plaintiff's application for a loan modification. Defendant

---

[1] The Court denies the request for oral argument because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

recorded a Notice of Trustee's Sale under Deed of Trust on June 13, 2012, and scheduled a trustee's sale of the property for September 18, 2012. *Id*., ¶ 10. Plaintiff alleges, however, that the sale did not occur and that he entered into negotiations with Defendant for a loan modification. *Id*., ¶ 12. These efforts bore fruit, and Plaintiff was granted a loan modification agreement that reduced his monthly payments to $1,155.09 for a year. *Id*., ¶ 15; Doc. 22-1 at 28. Plaintiff alleges that he was assured the property would not be sold at a trustee's sale so long as he complied with the modified loan agreement. *Id*., ¶ 11. Nevertheless, on March 7, 2013, Defendant held a trustee's sale of the property. *Id.* ¶¶ 17, 22.

Plaintiff's complaint asserts a claim for fraud, misrepresentation, and concealment. *Id*., ¶¶ 18-33. Plaintiff claims that Defendant, by and through its agents, including "M. Kanzler," engaged in conduct aimed at defrauding Plaintiff by concealing "material facts known to them but not to PLAINTIFF regarding payments, notices, assignments, transfers, late fees and charges, loan modification, and the trustee's sale or foreclosure with the intent to defraud PLAINTIFF." *Id*., ¶¶ 19, 24. He asserts that Defendant "made the above-referenced false representations, concealment and nondisclosures with knowledge of the misrepresentations, intending to induce PLAINTIFF' [sic] reliance, which the unsuspecting PLAINTIFF justifiably relied upon, resulting in damage to his credit standing, costs and loss of his property." *Id*. ¶ 25.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in the scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *see also Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (explaining that a complaint alleging fraud must identify "the who, what, where, and how the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false.") (internal quotation and citation omitted).

**III.  Analysis.**

On August 21, 2013, the Court granted Defendant's motion to dismiss. Doc. 20. The Court granted Plaintiff leave to amend with respect to the claim for fraud. *Id*. at 7. The Court found that the original complaint failed adequately to plead who made misleading statements, what precisely was said, when they were made, where they were made, how Plaintiff relied on them, or what injury they caused. *Id*. at 4. The Court explained that these deficiencies needed to be remedied in the amended complaint. *Id*. They have not been remedied.

The amended complaint provides more detail on Plaintiff's fraud claim, but omits key facts needed to make the claim plausible. Plaintiff alleges that Defendant informed him that his loan modification had been approved and that his new monthly payment

under the modification would be $1,155.09.  Doc. 22, ¶ 16.  In support of this allegation, Plaintiff cites a December 19, 2012 letter and related documents, attached to the amended complaint as Exhibit D.  *Id.*  Each time Plaintiff alleges that Defendant told him the loan had been modified, he refers directly or indirectly to Exhibit D.  *Id.*, ¶¶ 15, 16, 22, 23, 26, 28.  Exhibit D makes clear, however, that additional steps were required to complete the loan modification, including signing and returning certain documents and making an initial qualifying payment of $3,400.  Doc. 22-1 at 22-23.  Plaintiff does not allege that he signed and returned the documents or made the qualifying payment, and copies of the documents attached to the amended complaint are not signed.  *Id.*  Moreover, the amended complaint appears to state that Plaintiff made no payments under the loan modification.  Doc. 22, ¶ 26.

The allegations of the amended complaint and its attachments thus provide no detail about when and how Defendant allegedly represented that the loan had in fact been modified and that a trustee's sale would not be held.  Those key representations do not appear to be contained in the Exhibit D documents, and Plaintiff provides no other detail.  The amended complaint does allege generally that such representations were made (*see, e.g.*, ¶ 23), but it fails to provide the "who, what, when, and where" of these key representations.  The Court therefore concludes that the amended complaint continues to fail the pleading standards of Rule 9(b) as set forth in its previous order.  *See* Doc. 20.

**IV.  Leave to Amend.**

Because Plaintiff is proceeding pro se, the Court will grant him one final opportunity to amend.  The second amended complaint must be filed by December 23, 2013, and must address the deficiencies identified in this order and the Court's previous order (Doc. 20).  The second amended complaint should also specify the precise nature of Plaintiff's fraud claim – whether it is common law fraud, fraudulent concealment, or some other kind of fraud claim.  Plaintiff is warned that his claims will be dismissed without leave to amend if he fails again to satisfy required pleadings standards.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 25) is **granted**.

1 | Plaintiff shall file an amended complaint on or before **December 23, 2013**.

2 | Dated this 10th day of December, 2013.

_____
David G. Campbell
United States District Judge