WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd P. Grecian, | No. CV-13-08089-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Nationstar Mortgage LLC, et al., | |
| Defendants. | |

Defendant Nationstar Mortgage, LLC has filed a motion to dismiss the Second Amended Complaint. Doc. 48. The motion has been fully briefed. For the reasons stated below, the motion will be granted and the complaint dismissed with prejudice.[1]

**I.  Background.**

On June 13, 2004, Plaintiff obtained a loan secured by a deed of trust on property at 3033 Palo Verde Boulevard South, Lake Havasu City, Arizona, in the amount of approximately $188,000. Doc. 35, ¶ 8. Defendant was the beneficiary of the deed. *Id*., ¶ 9. Plaintiff fell behind on his loan payments in June 2011 and desired to cure the arrears with a loan modification. *Id*. ¶ 13. Plaintiff submitted a complete application for a loan modification to Aurora Loans, Defendant's predecessor in interest. *Id*., ¶ 14. Nothing came of Plaintiff's application for a loan modification. Defendant recorded a

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Notice of Trustee's Sale under Deed of Trust on June 13, 2012, and scheduled a trustee's sale of the property for September 18, 2012. *Id*., ¶ 10. Plaintiff alleges, however, that he had entered into negotiations with Defendant for a loan modification and was given assurances that the property would not be sold. *Id*., ¶ 16.

Plaintiff alleges that his efforts bore fruit, and that, in a letter dated December 19, 2012, he was granted a loan modification agreement that reduced his monthly payments to $1,155.09 for a year. *Id*., ¶ 17. Plaintiff complains that the December 19 letter required payment of $3,400.00 and the return of certain signed documents by November 30, 2012, which had already passed by the time the letter was sent. *Id*., ¶ 18. Plaintiff claims he attempted to contact Defendant's representative about the date discrepancy to no avail. *Id*., ¶ 19. Plaintiff then claims both that complying with the letter's orders to make payment and return the documents "had been rendered impossible by the very text of the NSM letter" (*id*., ¶ 19) and that he "relied to his detriment" on the letter "in believing that the Loan Modification . . . had been granted under the terms stated in the letter" (*id*., ¶ 20).

Plaintiff filed his initial complaint on April 16, 2013, alleging various claims including fraud, unjust enrichment, wrongful foreclosure, and violations of federal law. Doc. 1. Defendant moved to dismiss the initial complaint, and the Court granted the motion with leave to amend a limited number of claims. Doc. 20. Plaintiff filed an amended complaint on September 13, 2013, asserting only a claim for fraud, misrepresentation, or concealment. Doc. 22. Defendant again moved to dismiss the amended complaint and the Court again granted the motion. Doc. 34. Because Plaintiff was proceeding pro se, the Court gave Plaintiff leave to amend one last time to cure the deficiencies of the complaint. *Id*. In its order granting Plaintiff a final opportunity to amend, the Court directed that the complaint address the deficiencies from both orders dismissing the complaints and that it specify the precise nature of Plaintiff's fraud claim. *Id*. at 4. The Court warned that failure to satisfy the pleading standards articulated in its two orders would result in dismissal without leave to amend. *Id*.

Case 3:13-cv-08089-DGC   Document 56   Filed 05/15/14   Page 3 of 5

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where a complaint alleges fraud, Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake."

**III.    Analysis.**

In its previous order, the Court noted that Plaintiff's first amended complaint failed adequately to plead the who, what, when, and where of the alleged fraud, and that Plaintiff omitted key facts necessary to make the claim plausible. Doc. 34 at 3. Plaintiff's second amended complaint ("SAC") does not correct this deficiency.

The SAC asserts a claim for common law fraud. Doc. 35. Such a claim requires: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. *Nielson v. Flashberg,* 419 P.2d 514, 517-18 (Ariz. 1966).

- 3 -

1    The gravamen of the SAC is that Defendant made false and misleading statements in the December 19, 2012 letter.  Docs. 35; 54 at 4.  Although the SAC alleges in some places that false statements were made by Defendant's employee Mike Kanzler, the only false statements identified in the SAC are those in the letter, a copy of which is attached as Exhibit D to the SAC.  *See* Doc. 35, ¶¶ 15, 16, 17, 18, 19, 20, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37.

The letter informed Plaintiff that his loan modification had been approved and would be finalized when he submitted a payment of $3,400 and certain documents by November 30, 2012 – a date that had already passed.  Doc. 35-1 at 22.  Plaintiff noticed the date discrepancy and attempted to resolve it with Defendant's representative, but received no response.  Doc. 35, ¶¶ 30-35.  Having received no clarification on the date, and having made no payment or executed the required documents, Plaintiff nonetheless claims that he "detrimentally relied upon the written representations" of the letter to conclude that the loan had been modified.  *Id*.

As noted in the Court's earlier order, the letter clearly indicated that further steps were required to finalize the modification.  Doc. 35-1 at 22.  The letter stated that the modification agreement must be signed and returned within 30 days of receipt and that the initial payment of $3,400 must be made.  *Id*.  The fact that the letter postdated the due date should, if anything, have prompted Plaintiff to complete the required steps even more promptly to finalize the loan modification, but Plaintiff does not allege that he took any steps to comply with the terms of the letter.

Plaintiff's complaint still does not sufficiently allege certain elements of fraud.  Plaintiff has not alleged any facts indicating that Defendant somehow intended Plaintiff to be misled by the clearly incorrect November due date.  Nor does the complaint clearly allege that Plaintiff was ignorant of the alleged false statement – it alleges, rather, that he noticed the incorrect date and attempted to contact Defendant about it.  Doc. 35, ¶¶ 19, 20.  The complaint also fails to allege facts that would support Plaintiff's allegation that he reasonably relied on a letter – or had the right to rely on a letter – that clearly said

- 4 -

additional steps were required to complete the loan modification.

In addition to these deficiencies in the elements of common law fraud, the claim alleged in the complaint simply is not plausible.  *Iqbal*, 556 U.S. at 678.  The letter upon which Defendant bases his entire case stated that certain steps were required "to complete your loan modification," and that he should "[c]omplete the following steps to finalize your loan modification."  Doc. 35-1 at 22.  Plaintiff admits that he did not complete the steps.  Given these facts, Plaintiff's claim that he was misled by the letter into believing that an enforceable modification had been completed is not plausible.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 48) is **granted**.  Because Plaintiff has had three opportunities to state a claim and has failed to do so, further leave to amend will not be granted.  The Clerk is directed to **terminate** this action.

Dated this 15th day of May, 2014.

_____
David G. Campbell
United States District Judge